(No. 22654.—

MATHEW VIDAKOVITCH, Appellant, *vs.* THE BOARD OF REVIEW OF MADISON COUNTY, Appellee.

*Opinion filed December 19, 1934.*

FERDINAND TUNNELL, for appellant.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant filed in the county court of Madison county a petition for writ of *certiorari* to quash the record of the board of review of that county assessing for taxation certain of appellant's lots in the city of Wood River. The court, on hearing, quashed the writ of *certiorari*. So far as appears from the abstract the petition was based on the grounds that the value of the property for taxation was not fixed in accordance with the statute and the tax assessed

against the property was therefore unconstitutional; that the value fixed was an arbitrary value and the tax void; that proper steps for the assessment were not taken, and that the action of the board of review was "unjust, improper and unconstitutional."

The petition prayed that the record of the assessor having to do with such assessment be made a part of the return. The return, so far as appears from the abstract, shows that appellant filed with the board of review an objection that the valuation of his property was excessive, the record books of the assessor showing the list of taxable town lots in the city of Wood River belonging to appellant and the value of the lots and improvements as fixed by the assessor and as reviewed by the board of review. We are unable to learn from the abstract what action was taken by the board of review, but from the record it seems that the assessed value of appellant's property was reduced $800.

There is nothing in the abstract nor in the record to afford basis for the issuance of a writ of *certiorari* quashing the record of the board of review. In *certiorari* proceedings the question concerns only the sufficiency of the record. There is nothing in this abstract to indicate what objection appellant desires to urge to the record. The only objection urged pertains to the valuation placed on the property by the assessor and the board of review for taxation purposes. Neither from the abstract nor record are we able to ascertain the grounds of alleged defect in the record of the board of review. This record, therefore, presents no question for determination of this court, and the judgment of the county court will be affirmed.

*Judgment affirmed.*